**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KOLLMORGEN CORPORATION, *Plaintiff*, v. THE UNITED STATES OF AMERICA, *Defendant*, and GR DYNAMICS, LLC, *Intervenor-Defendant*. | ) | No. 04-1661C<br>Chief Judge Edward J. Damich |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, each party believes that certain information and materials of any type, kind or character, including answers to interrogatories, responses made during depositions, and certain documents and things, which will be provided by the party or by a non-party to this action in response to discovery demands made in this action, might contain trade secrets or other confidential research, design, development, production, marketing, sales, financial, or commercial information within the meaning of Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC") (hereinafter "Disclosed Information"); and

WHEREAS, each party believes that unrestricted and/or unnecessary dissemination of Disclosed Information would be to the irreparable harm of the party or non-party providing the Disclosed Information;

IT IS NOW THEREFORE ORDERED, with the consent of the parties through their counsel, that dissemination of any Disclosed Information obtained by discovery in this action shall be only in accordance with the following terms and conditions:

1. All information, documents, things and answers or any evidence and any form of discovery contemplated under RCFC Rules 26 through 36 of any type, kind or character which is provided by a party (the "producing party") that in the good-faith opinion of the producing party contains PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS as defined in paragraph 2 below, is provided for the sole purpose of this litigation or settlement between the parties, and may not be used for any other purpose or be disclosed to others for any other purpose, including for any business purpose or for the purpose of filing or prosecuting patent applications, subject to the further provisions of this Protective Order.

2. (a) "PROTECTED INFORMATION" shall mean and comprise information falling into one of the following categories: (i) information viewed as proprietary or confidential by the producing party that is not publicly available; (ii) information relating to equipment catalogued in the Military Critical Technologies List; (iii) information categorized as "FOR OFFICIAL USE ONLY (FOUO)"; (iv) information that may not be exported lawfully, without approval, authorization or license pursuant to 22 U.S.C. §§ 2751-2799 and/or 50 U.S.C. App. §§ 2401-2420; and (v) information that may not be lawfully disclosed without authorization or license from a United States or foreign governmental authority, organization, or agency.

(b) "ATTORNEYS' EYES ONLY MATERIALS" shall mean and comprise information that is of the most sensitive nature, which the producing party in good faith believes, if disclosed to the other parties, competitors or persons of expertise in

the area, would reveal significant technical or business advantages of the producing party or third party.

(c) It is expressly contemplated and agreed that any non-party may invoke all provisions of this Protective Order which are available to a producing party, and that the parties, in accordance with the terms of this Protective Order, will treat as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, as the case may be, all information of a non-party that is designated as such in writing by the non-party, its representative, or any party that in good faith believes such non-party's information contains or embodies its PROTECTED INFORMATION, or its ATTORNEYS' EYES ONLY MATERIALS.

3. (a) Each party may designate materials and information, including documents and things produced by it, answers to interrogatories, and responses to other discovery demands, such as deposition transcripts, or portions thereof, as PROTECTED INFORMATION to the extent that it believes such documents, things, answers, and responses contain information that is covered within the meaning of PROTECTED INFORMATION, as defined in paragraph 2(a). The designation of PROTECTED INFORMATION shall be made by marking each page of a document, or by marking on the portions thereof containing the PROTECTED INFORMATION, the words "PROTECTED INFORMATION: SUBJECT TO PROTECTIVE ORDER" or "PROTECTED UNDER PROTECTIVE ORDER," or words to substantially similar effect, prior to the transmission of a physical copy thereof to the receiving party.

(b) Additionally, each party may designate materials and information, including documents and things produced by it, answers to interrogatories, and responses to other discovery demands, such as deposition transcripts, or portions thereof, as

ATTORNEYS' EYES ONLY MATERIALS to the extent that it believes such documents, things, answers, and responses contain information that is covered within the meaning of ATTORNEYS' EYES ONLY MATERIALS, as defined in paragraph 2(b). The designation of ATTORNEYS' EYES ONLY MATERIALS shall be made by marking on each page of a document, or by marking on the portions thereof containing the ATTORNEYS EYES ONLY MATERIALS with the words "ATTORNEYS' EYES ONLY," or words to substantially similar effect, prior to the transmission of a physical copy thereof to the receiving party.

(c) Testimony or information disclosed at a deposition or hearing may be designated by a producing party as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, as the case may be, by indicating such on the record at the deposition or hearing. Alternatively, a producing party or invoking non-party witness may designate testimony or information PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS in accordance with this Protective Order by notifying the parties to this action in writing, within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript that contain PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, and such portions thereafter shall be treated as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, as the case may be, in accordance with this Protective Order. Whether or not designation is made at the time of deposition, transcripts of all depositions of employees of a party or an invoking non-party or those having a confidential relationship with a party or an invoking non-party shall be treated in their entirety as ATTORNEYS' EYES ONLY MATERIALS and subject to the ATTORNEYS' EYES ONLY MATERIALS provisions of this Protective Order until the

expiration of ten (10) business days after the receipt of the transcript by the producing party or invoking non-party, and thereafter shall continue to be treated as " ATTORNEYS' EYES ONLY" only if formally designated as such by the producing party or invoking non-party within such ten (10) day period.

4. Except as specifically provided herein, such PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, including any summaries, abstracts, or indices thereof, which are disclosed to attorneys of record in the course of discovery, will be held in confidence by said attorneys and not disclosed in any manner to persons other than DESIGNATED PERSONS as hereinafter defined. All PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS disclosed to DESIGNATED PERSONS, as defined in paragraphs 5 and 6 below, shall not be further disclosed by such DESIGNATED PERSONS except to other DESIGNATED PERSONS having access to documents of the same or greater level of confidentiality. Counsel making disclosures as permitted herein shall be responsible for informing the recipients of PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS of this Protective Order at the time of disclosure that they will be subject to the terms of this Protective Order and for obtaining a prior signed undertaking, which is in the form of Attachment A, annexed hereto, in the case of DESIGNATED PERSONS as defined in subparagraphs 5(b), (g) and 6(b), below.

5. DESIGNATED PERSONS for PROTECTED INFORMATION are as set forth in subparts (a)-(g) below *provided* however that in no case shall any attorney, patent agent, scientific advisor or technical advisor for any party who is currently substantively involved in the prosecution of any U.S. or foreign patent applications, including re-examination and reissue applications, directed to or related to (1) gyroscopically

stabilized systems or (2) systems relating to aiming and firing of a weapon excluding such things as periscope systems qualify as a DESIGNATED PERSON. In addition, any DESIGNATED PERSON as set forth in this paragraph agrees that he will not be substantively involved in the prosecution of any such patent applications as identified above for a period of 3 years from the completion of this litigation, either by settlement or through final appeal:

(a) Outside counsel for the parties, plus necessary legal, technical and clerical assistants employed by them;

(b) Experts and consultants retained for purposes of this litigation, as defined in paragraph eight (8), below, plus necessary technical and clerical assistants, but only as to such PROTECTED INFORMATION that directly relates to the matters and issues for which such experts or consultants have been retained and with prior notice as provided in paragraph eight (8) of this Protective Order;

(c) Language translators, if necessary, plus necessary clerical assistants;

(d) Court reporters who take and transcribe testimony, plus necessary clerical assistants;

(e) Personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, attorneys of record as necessarily incident to the litigation of this action;

(f) A person who had access to PROTECTED INFORMATION as evidenced by the material itself in that it is either to, from, or copied to such person or by testimony that such person had previous, lawful access to such PROTECTED

INFORMATION. No copies of the PROTECTED INFORMATION shall be given to such person to retain; and

(g) One additional person designated by each of the parties. Kollmorgen designates Carl Rowald, Esq., Chief Intellectual Property Counsel of Danaher Corporation. The government designates Pedro DeJesus, Esq., Counsel for the Crane Division, Naval Surface Warfare Center and member of Navy Office of General Counsel. Each of these individuals shall execute a signed undertaking, which shall be in the form of Attachment A, annexed hereto. GRD reserves its right to designate an individual under this paragraph at some future date, subject to the approval of the parties. The government and Kollmorgen agree that GRD has not waived its right to do so.

6. DESIGNATED PERSONS for ATTORNEYS' EYES ONLY MATERIALS are as set forth in subparts (a)-(f) below provided however that in no case shall any attorney, patent agent, scientific advisor or technical advisor for any party who is currently substantively involved in the prosecution of any U.S. or foreign patent applications, including re-examination and reissue applications, directed to or related to (1) gyroscopically stabilized systems or (2) systems relating to aiming and firing of a weapon excluding such things as periscope systems qualify as a DESIGNATED PERSON. In addition, any DESIGNATED PERSON as set forth in this paragraph agrees that he will not be substantively involved in the prosecution of any such patent applications as identified above for a period of 3 years from the completion of this litigation, either by settlement or through final appeal.

(a) Counsel for the parties, plus necessary legal, technical and clerical assistants employed by them;

(b) Experts and consultants retained for purposes of this litigation, as defined in paragraph eight (8), below, plus necessary technical and clerical assistants, but only as to such ATTORNEYS' EYES ONLY MATERIALS that directly relates to the matters and issues for which such experts or consultants have been retained and with prior notice as provided in paragraph eight (8) of this Protective Order;

(c) Language translators, if necessary, plus necessary clerical assistants;

(d) Court reporters who take and transcribe testimony, plus necessary clerical assistants;

(e) Personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, attorneys of record as necessarily incident to the litigation of this action; and

(f) A person who had access to ATTORNEYS' EYES ONLY MATERIALS as evidenced by the material itself in that it is either to, from, or copied to such person or by testimony that such person had previous, lawful access to such ATTORNEYS' EYES ONLY MATERIALS. No copies of the ATTORNEYS' EYES ONLY materials shall be given to such person to retain.

7. If computer software becomes an issue in this case, the following provisions apply to the production of computer software, including without limitation source code, that is designated ATTORNEYS' EYES ONLY MATERIAL:

(a) The producing party will make electronic versions of computer software ("Electronic Format Source Code") available for inspection at one of its U.S. offices or the offices of its counsel of record in this case, with the receiving party designating the office to be used;

(b) The Electronic Format Source Code may be made available on the hard drive of a stand alone, non-networked computer that is sufficiently state-of-the-art (in terms of processor speed, memory, etc.) to support a review of the source code, equipped with a viewing program compatible with the source code, and connected to a printer. The computer will be made available in an office or other room that ensures the privacy of the code reviewer.

The receiving party's outside counsel of record and/or expert qualified by the producing party under paragraph 8 may review the Electronic Format Source Code during the normal business hours of 9 am to 5 pm with reasonable (at least 24 hours) advance notice, or as otherwise agreed to by the parties.

(c) The reviewer shall not copy, photograph, or otherwise record any Electronic Format Source Code, including without limitation to a CD, DVD, floppy disk, USB storage device, or any other medium, other than by printing onto prenumbered paper as specified in subparagraph (d) or by making handwritten notes as specified in subparagraph (e). To this end, the reviewer may not bring a laptop or PDA into the reviewing room or type notes concerning the source code into any device.

(d) The reviewer may print out such portions of the Electronic Format Source Code as are reasonably necessary to the analysis or investigation being performed by the reviewer in connection with this case. Printouts shall be made only on paper prenumbered with production numbers and bearing the legends "ATTORNEYS' EYES ONLY" and "PROPRIETARY SOURCE CODE" (prenumbered paper to be made available by the producing party). A copy of any printouts shall be turned over to the producing party's outside counsel and then, as soon as reasonably possible but in any event within two (2) business days of being printed, produced to the receiving party's

outside counsel of record (with the original retained by the producing party or its outside counsel of record).

(e) The reviewer may make handwritten notes as reasonably necessary to facilitate his or her review of the Electronic Format Source Code. Any such handwritten notes promptly shall be stamped or labeled with the legend specified in paragraph (d).

(f) Any copies of PROPRIETARY SOURCE CODE must be maintained by the receiving party's outside counsel and outside experts separately and segregated from all other materials received from the producing party.

(g) Any person receiving documents containing PROPRIETARY SOURCE CODE of another under this Protective Order shall transport them only via hand carry, FedEx, or other similarly reliable courier. Documents containing PROPRIETARY SOURCE CODE may not be transported or transmitted by email, fax, or other electronic means, or over a network of any kind, including over a local area network (LAN), intranet, or the Internet.

8. The parties to this action recognize that counsel may wish to utilize the services of independent experts or consultants in trial preparation and/or trial of this action solely for the purpose of assisting counsel or testifying in this action. PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS obtained from an opposing party may be disclosed to such experts or consultants, provided that the party proposing such disclosure shall obtain a signed undertaking, which shall be in the form of Attachment A for experts or consultants seeking access to PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, annexed hereto, whereby such expert or consultant agrees to be bound by and comply

with the terms of this Protective Order. The originals of each such signed undertaking shall be retained by the disclosing counsel. Disclosing counsel shall forward a copy of the executed declaration to counsel for the producing party together with the expert's or consultant's CV, by facsimile or "pdf" e-mail at least seven (7) calendar days prior to the proposed disclosure of PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS to such expert or consultant.

9. (a) A producing party shall have seven (7) calendar days from the date of facsimile or "pdf" e-mail service of the materials and information served pursuant to paragraph eight (8) of this Protective Order to object to a proposed independent expert or consultant retained by an opposing party. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all parties. Failure to object to the proposed independent expert or consultant within the period referenced in this paragraph shall constitute approval.

(b) If such written notice of objection is served, no PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS of the producing party shall be disclosed to the proposed independent expert or consultant until the objection is resolved by agreement or by an order of the Court. If such written notice of objection is served, the party seeking to disclose PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS to a proposed independent expert or consultant shall bear the burden of seeking an order of the Court. The objecting producing party shall have the burden of demonstrating by a preponderance of the evidence why the proposed independent expert or consultant should not be permitted to receive PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS.

10. Persons who are not DESIGNATED PERSONS may be examined as witnesses at depositions, hearings, and trial and may testify concerning all PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, and the information contained therein, including any documents which such person has authored or has been copied on or are addressed to such person, and any events pertaining to PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS in which such person was personally involved and of which such person had previous knowledge.

At any examination concerning PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, only DESIGNATED PERSONS, the witness, his attorney, and representatives of the party that produced such PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS may be present, unless the parties agree otherwise.

11. (a) If counsel for a party or non-party believes that questions put to a witness being examined in a deposition will disclose PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, or that the answers to any question or questions require such disclosure, or if documents to be used as exhibits during the examination have been designated as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, such counsel shall so notify opposing counsel and the reporter for such deposition. The deposition of such witness, or the portions thereof containing PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, shall then be taken only in the presence of DESIGNATED PERSONS.

(b) The portions of the transcripts of depositions designated in accordance with paragraph 3 shall be treated as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS in accordance with this Protective Order.

(c) No copy of any transcript of any deposition taken by any party which contains any portion designated as containing PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS shall be furnished by the reporter to any person other than to the deponent, his or her counsel, or counsel for the parties. Counsel may submit any portion of any deposition transcript to the Court under seal in accordance with paragraph twelve (12) below. Neither the original nor any copy of any transcript of any such deposition shall be filed with the Court, except under seal, until counsel for the parties have had the opportunity to designate those portions, if any, of the transcript regarded as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS in accordance with paragraph three (3) of this Protective Order.

12. Any PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS produced or revealed by the parties or non-parties pursuant to this Protective Order, any information obtained therefrom, or any testimony, transcripts, affidavits, memoranda, or other documents which contain, reproduce, or otherwise reveal any such PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS and information obtained therefrom and which is offered as evidence, used in evidence, or filed with the Court shall be kept under confidential seal and shall not be made a part of the public record of the case. In accordance with this Court's Case Management/Electronic Case Filing (CM/ECF) system that is being used in this case, documents may be filed under seal with the Court by selecting one of the "Sealed" menus provided in the CM/ECF system. In the event of a paper filing with the Court, and notwithstanding any overriding rules imposed by the Court, all sealed documents shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of the action; (ii) the words "PROTECTED

INFORMATION – Restricted Access According to Court Order" or "ATTORNEYS' EYES ONLY – Restricted Access According to Court Order; and (iii) a statement in substantially the following form:

> "This envelope, containing documents which are filed in the case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties."

The Clerk of Court is directed to maintain the confidentiality of any documents, things, and transcripts of testimony filed in accordance with the above.

13. The authorization contained herein for each party to designate information as protected is intended solely to facilitate the disposition of this litigation, and such designation shall not be construed in any way as an admission or agreement by the party receiving PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS that such materials constitute or contain PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS. This Protective Order shall not foreclose any of the parties from moving this Court for an order that materials designated PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS are, in fact, not protected, including for the reasons set forth in paragraphs 19 and 20. Before so moving, counsel for a party desiring to challenge the status of material so designated by another party shall provide the designating party or non-party with written notice of the particular items which it contends do not constitute PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS . If the designating party or non-party does not serve a response in writing within fourteen (14) calendar days of receipt of such notice specifying the reasons why the material should continue to be treated as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, then the receiving party may treat the material as non-confidential and need not approach the

Court. If the receiving party does approach the Court, then the party or non-party asserting confidentiality will bear the burden of persuasion to show that the challenged material is, in fact, within the scope of protection afforded by RCFC Rule 26(c), and this Order. Until such time as the Court rules, the moving party shall maintain the document as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS.

14. This Protective Order shall not prevent any of the parties or any non-party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modify or vacate this Protective Order, subject to the approval of the Court.

15. This Order shall have no applicability to evidence introduced or testimony given at trial, which shall be controlled by the in camera procedures of the Court.

16. Nothing in this Protective Order shall prevent a party from using any information or materials designated PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS at depositions, trial, during a hearing, or the like. However, the party using such information or material must request that the portion of the proceeding where used is made in camera and that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 12 hereof, with access thereto limited to DESIGNATED PERSONS entitled to access under the provisions of this Protective Order.

17. Nothing contained in this Order shall be construed to require production of such PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS deemed by trial counsel for the producing party to be privileged or otherwise protected from discovery.

18. (a) Within sixty (60) days after the conclusion of this action, including any appeals, all documents, objects, and other materials produced or designated by a producing party as containing PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, and all reproductions, excerpts, notes, summaries and digests thereof, shall be returned to the producing party or shall be destroyed, at the option of the party receiving such materials from a producing party. However, counsel may retain complete copies of all pleadings, including any exhibits attached thereto filed with the Court and attorney work product, for archival purposes, subject to the provisions of this Protective Order. The U.S. Department of Justice may retain one copy of documents marked "PROTECTED INFORMATION" and "ATTORNEYS' EYES ONLY MATERIALS" for archival purposes in accordance with 44 U.S.C. § 3101 on the following conditions that: (1) all copies of "PROTECTED INFORMATION" and "ATTORNEYS' EYES ONLY MATERIALS" documents maintained by the Department of Justice for archival purposes will not be disclosed to third parties making a request for such disclosure under the Freedom of Information Act without first contacting the producing party and giving the producing party an opportunity to object to such production and to seek an appropriate protective order; and (2) the Department of Justice will maintain such copies of "PROTECTED INFORMATION" and "ATTORNEYS' EYES ONLY MATERIALS" documents retained for archival purposes in such a manner as it protects its own information and as to prevent disclosure of "PROTECTED INFORMATION" and "ATTORNEYS' EYES ONLY MATERIALS" documents to persons or entities other than those U.S. government employees authorized to view such documents.

(b) Insofar as the provisions of this and any other Protective Order entered in this action restrict the communication and use of information produced hereunder, such Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such Protective Order.

19. This Protective Order does not prohibit the use or disclosure of information independently developed by a party without any reference to PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS or information lawfully obtained by a party in a manner not in violation of this Protective Order from a source other than the opposing party that is under no obligation of confidentiality to such opposing party, even if such information is additionally contained in materials provided by the opposing party and designated as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS under this Order. Where such information is obtained from another source and is additionally contained in materials designated as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS herein, however, the materials provided by the opposing party and marked as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS shall be maintained as confidential, although the particular information contained therein which was independently obtained from such other source may be disclosed or used. The restrictions on use and disclosure set forth herein shall not apply to information that, after being obtained, becomes demonstrably public knowledge other than by act or omission by the party obtaining such information.

20. Nothing herein shall be construed (a) as preventing a party from using or continuing to use any information that is already known to the party, or which is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a dispute arise as to any specific information or materials, the burden shall be on the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the producing party.

21. Any party may use or disclose its own information without restriction in connection with this litigation or otherwise without losing its designation as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS .

22. When the inadvertent or mistaken disclosure of documents or things protected by the attorney-client privilege, work product immunity or any other rights, immunities or privileges is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall return such documents and destroy all copies and any notes, papers, summaries or other instruments which comprise, embody, summarize, discuss or quote from documents or things protected by the attorney-client privilege, work product immunity or other rights, immunities or privileges and provide written notification of the destruction to opposing counsel. Such inadvertent or mistaken disclosure of such documents shall not by itself constitute a waiver by the producing party of any claims of attorney-client privilege, work product immunity or any other right or privilege. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege, if appropriate.

23. The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

24. Nothing herein shall be construed as an agreement or admission with respect to the competency, relevance or materiality of any such information, document or the like.

25. No review by counsel, experts or consultants for the litigants in this litigation of documents containing PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS shall waive the confidentiality of the documents or objections to production.

26. A party shall not be obligated to challenge the propriety of a PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any point in these proceedings with the designation by the producing party of any information as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, the parties shall make a good-faith effort to resolve the dispute on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same.

27. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the producing party consents in writing to such disclosure, or if the Court or an administrative agency, after notice to all affected parties, orders such disclosure.

28. This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS sought or to object to discovery by any other party or on any otherwise permitted ground.

Dated: October 14, 2005

s/Andrew M. Riddles by s/Steven Pepe
JOSEPH A. DEGIROLAMO
ANDREW M. RIDDLES
ANDREA L. WAYDA
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, New York 10281-2101
Telephone: (212) 415-8700
Facsimile: (212) 415-8701
Attorneys For Plaintiff Kollmorgen Corporation

Dated: October 14, 2005

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/Walter W. Brown by s/Steven Pepe
WALTER W. BROWN
Attorney Commercial Litigation Branch
Civil Division Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Attorney for the United States

Dated: October 14, 2005

s/James E. Hopenfeld by s/Steven Pepe
JAMES E. HOPENFELD
ROPES & GRAY, LLP
One Metro Center
7001 12th Street, N.W., Suite 900
Washington, D.C. 20005-3948
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

LAURENCE S. ROGERS
STEVEN PEPE
ROPES & GRAY, LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Attorneys for Intervenor-Defendant
GR Dynamics, LLC

**SO ORDERED**:

**October___, 2005**

________________________________________
Honorable Edward J. Damich
Chief Judge, United States Court of Federal Claims

**ATTACHMENT A**

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KOLLMORGEN CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant*,<br><br>and<br><br>GR DYNAMICS, LLC,<br><br>*Intervenor-Defendant*. | ) | No. 04-1661C<br>Chief Judge Edward J. Damich |

I, ____________________________, declare under penalty of perjury that:

(a) My present residential address is

______________________________________________________________________________.

(b) My present employer is

______________________________________________________________________________.

and the address of my present employer is ________________________________________

______________________________________________________________________________.

(c) My present occupation or job description is

______________________________________________________________________________.

(d) I have received and carefully read the Protective Order between the parties to the above-captioned action dated ___________________________ and understand its provisions. Specifically, I understand that I am obligated, under order of

the Court, to hold in confidence and not to distribute, or disclose the contents of, anything marked PROTECTED INFORMATION, PROTECTED INFORMATION SUBJECT TO PROTECTIVE ORDER, PROTECTED UNDER PROTECTIVE ORDER, ATTORNEYS' EYES ONLY MATERIALS, or words of substantially similar effect to anyone other than those persons identified in paragraphs 5 and 6, respectively, of the Protective Order. I further understand that I am not to disclose to anyone other than those persons identified in paragraphs 5 or 6 of the Protective Order any words, substances, summaries, abstracts or indices of any PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS disclosed to me. I will use the PROTECTED INFORMATION and ATTORNEYS' EYES ONLY MATERIALS solely for the purposes for which I am being retained relating to the above-captioned litigation. I will never use any PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS directly or indirectly, in competition with the producing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) I will store and protect all PROTECTED INFORMATION and ATTORNEYS' EYES ONLY MATERIALS that is disclosed to me with at least the same degree of care that I use to protect my own confidential, proprietary and trade secret information, and in no event less than a reasonable standard or care.

(f) At the termination of this action or any time requested by counsel, I will return to counsel for the party by whom I am retained, employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting PROTECTED INFORMATION or ATTORNEYS' EYES ONLY MATERIALS which have come into

my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(g) I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing or producing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: ______________________ Signature: ________________________________